UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEY LYNN (MCCARTHY) KURZ | * | CIVIL ACTION |
| versus | * | NOS. 06-8082, 06-8256 |
| AMERICAN SECURITY INSURANCE COMPANY, ET AL. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

Hurricane Katrina damaged Joey Kurz's home in Metairie, Louisiana.  She filed claims under her homeowner's policy, but the defendants refused to pay the claims.  She filed a lawsuit in state court on August 25, 2006, naming the defendants, both foreign insurers.  Kurz asserted she was entitled to payment from the defendants for "all damages and losses to her property."

The defendants removed the case to this Court on October 16, 2006, invoking this Court's original diversity jurisdiction and, alternatively, arguing that the lawsuit is properly removed because this Court has original federal subject matter jurisdiction because the case involves the National Flood Insurance Program, a program operated and supervised by FEMA.

Kurz now moves to remand, arguing that the case involves

both a flood claim and a homeowner's claim, and that "judicial economy would warrant the remand of this action back to state court where its pendent jurisdiction could adjudicate all claims."

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the state court petition, however, Kurz acknowledges that the defendants are foreign insurers. Kurz does not contest the defendants' assertion that the amount in controversy exceeds $75,000. While Kurz may debate the policy reasons behind jurisdictional options, her counsel makes no legal arguments to support her motion to remand this case to state

court.

This Court finds that complete diversity exists between the parties and will exercise its subject-matter jurisdiction to hear the case.  Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, November 22, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE